# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-26-00251-JD |
| | ) | |
| HOWARD RAYMOND GIMMEY, | ) | |
| | ) | |
| Defendant. | ) | |

## **PRETRIAL ORDER**

This matter is set for Pretrial Conference on **Monday, July 6, 2026, at 1:00 p.m.,** in Courtroom 502. Lead trial counsel and Defendant must be present.

The Court also imposes the following deadlines by this Order:

1. Unless otherwise ordered by the Court, expert disclosures pursuant to Fed. R. Crim. P. 16(a)(1)(G) or 16(b)(1)(C) shall be conducted in accordance with this Court's General Order 23-2 and LCrR16.4. The party requesting expert-witness disclosures shall make a timely request.

2. Notice of any defenses enumerated in Fed. R. Crim. P. 12.1, 12.2, or 12.3 shall be filed within the timing set forth therein and Local Criminal Rule 12.3.1.

3. Plea changes shall be filed or presented to the Court by **June 26, 2026**. By filing or presentment, the Court expects actual plea paperwork, not merely notice that the parties anticipate a plea change.

4. All pretrial motions (e.g., motions to suppress and motions relating to any contested matter of discovery[1]) and responses thereto shall be filed within the time frame under LCrR12.1 and must comply with LCrR12.1. Parties must attach or otherwise submit any disputed evidence at issue to the Court with the motion and response.

---

[1] The parties must comply with LCrR16.2 regarding disputed discovery matters.

5. If the parties anticipate trial, they shall each submit to the Judge's orders inbox a list of all foreseeable issues at least 4 days before the pretrial conference.[2]

6. In the interest of the administration of justice and for the Court's preparation of all cases on its criminal trial dockets, the Court imposes the following deadlines for pretrial submissions **if this case is to be tried**:

   a. The government should provide notice to Defendant of any Federal Rule of Evidence 404(b) evidence it intends to offer at trial in accordance with Rule 404(b)(3) by **June 25, 2026**.

   b. Motions in limine and *Daubert* motions (or any challenge to an expert witness),[3] jury instructions,[4] verdict form, and requested voir dire shall be due by **June 26, 2026**. All motions must comply with LCrR12.1(d) and (e).

   c. Any responses or objections to motions in limine and *Daubert* motions (or any challenge to an expert witness), jury instructions, verdict form, and requested voir dire shall be due by **July 6, 2026**. Responses must comply with LCrR12.1(e).

   d. The parties shall submit an agreed summary of the indictment by **July 8,**

---

[2] For discussion at the pretrial conference, counsel shall submit a list of all foreseeable issues that will arise on admissibility of evidence, whether any unusual or non-pattern jury charges are needed, and any other issues that can or must be dealt with in advance of trial. Defendant may submit any such issue to the Court ex parte if Defendant reasonably believes that disclosure would reveal defense trial strategy or otherwise disclose protected information. However, any ex parte submission by Defendant shall be limited to those issues for which such concern exists.

[3] Motions in limine and responses to motions in limine must be omnibus and are subject to a twenty-five (25) page limit for the omnibus motion and omnibus response. No reply will be permitted absent leave of Court. Parties must attach or otherwise submit any disputed evidence at issue to the Court with the motion and response.

[4] Tenth Circuit Criminal Pattern Jury Instructions, 2026 Edition or as later updated, requested by the parties shall be referenced by their numbers. Each non-pattern instruction shall be accompanied by a brief stating the statutory or jurisprudential authority for the instruction, with Supreme Court and Tenth Circuit authority being preferred. A simple case citation will not suffice. If the non-pattern instruction is a deviation from the Tenth Circuit Criminal Pattern Jury Instruction, the parties must redline any proposed deviations. A copy of requested jury instructions in Microsoft Word Version must be emailed to dishman-orders@okwd.uscourts.gov.

**2026**, if a summary is to be used. The summary is read in voir dire and in the Court's preliminary instructions. *See also* LCrR24.2 (providing that if the parties do not submit an agreed summary of the indictment, the entire indictment may be read to the jury).

e. Consistent with the requirements in LCrR26.1(b), the parties shall submit stipulations to be made with respect to the undisputed facts and the authenticity of documents by **July 8, 2026**.

f. The parties shall each submit a list of witnesses expected to be called in the appropriate order they are to be called by **July 10, 2026, by 3:00 p.m**. The witness list must include current hometown addresses.

g. The parties shall submit a list of exhibits and exhibit notebooks by **July 10, 2026, by 3:00 p.m**. The parties shall submit 3 hard copies of exhibit lists and exhibit notebooks and provide a thumb drive of all trial exhibits.

This Order governs these deadlines and supplants any contrary deadlines in the local criminal rules. Failure to comply with the Court's order and the rules may result in the inability to present issues at trial.

IT IS SO ORDERED this 17th day of June 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE