**In the United States District Court for the**
**Western District of Oklahoma**

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: CR-26-251-JD |
| | ) | |
| Howard Raymond Gimmey, | ) | |
| | ) | |
| Defendant. | ) | |

**Mr. Gimmey's Motion for a Pretrial Determination of the Mens Rea Required by 18 U.S.C. § 871(a)**

Howard Raymond Gimmey, through counsel, moves for a pretrial determination that recklessness concerning the threatening character of a communication does not, standing alone, satisfy the mental state required by 18 U.S.C. § 871(a).

The Superseding Indictment in Count 1 (just as did the original indictment) alleges that Mr. Gimmey, on or about May 5, 2026, in the Western District of Oklahoma

> knowingly, willfully, and with recklessness as to whether the communication would be viewed as a true threat of violence, made a threat to take the life of and to inflict bodily harm upon the President of the United States, specifically, posted the following on an internet social media site: "I'm going to kill the President…".

(Doc. 37.)

Section 871(a) requires that a defendant "knowingly and willfully" make the threat. Count 1 alleges those terms, but its additional allegation of recklessness concerning the communication's threatening character creates uncertainty about the mental state the government contends is sufficient for conviction. In *United States v. Pinson*, the Tenth

Circuit stated that the government must establish that the defendant "understood and meant his words as a threat." 542 F.3d 822, 832 (10th Cir. 2008). That requirement is also reflected in Tenth Circuit Criminal Pattern Jury Instruction 2.36. Because both the original and superseding indictments expressly allege recklessness, Mr. Gimmey seeks a ruling clarifying that recklessness alone cannot substitute for proof that he understood and meant his words as a threat.

In *Counterman v. Colorado*, 600 U.S. 66, 79–82 (2023), the Supreme Court held that recklessness concerning a communication's threatening character satisfies the First Amendment's minimum mens rea requirement. That constitutional floor does not displace a more demanding statutory requirement. In discussing *Pinson*, the Tenth Circuit distinguished § 871(a)'s express "knowingly and willfully" language from a constitutional rule and identified that statutory language as the apparent basis for the requirement that the defendant mean his words as a threat. *United States v. Heineman*, 767 F.3d 970, 975 (10th Cir. 2014). *Counterman* therefore does not authorize replacing that statutory requirement with proof of recklessness alone.

A similar issue arose in *United States v. Ortiz*, No. 2:25-cr-00153, Doc. 44, at 2–4 (D. Ariz. May 29, 2025). There, the defendant challenged the inclusion of recklessness language in an indictment charging violations of §§ 871 and 879. After oral argument, the government obtained a superseding indictment eliminating that language and expressly alleging that the defendant acted knowingly and willfully "with the intent to communicate a true threat of violence." The parties agreed that the amendment rendered the mens rea issue moot. The final § 871 jury instruction likewise distinguished the communication's

objectively threatening character from the defendant's subjective mental state, separately requiring proof that "the defendant intended that the statement be understood as a threat." *Id.*, Final Jury Instructions, Doc. 226, at 19. Although the court did not resolve the original indictment's mens rea issue, the revised charging language and trial instruction illustrate the distinction between recklessness concerning a communication's threatening character and an intent to communicate a threat.

Mr. Gimmey therefore requests a pretrial ruling that, to obtain a conviction on Count 1, the government must prove beyond a reasonable doubt that he understood and meant his words as a threat; that recklessness concerning their threatening character, standing alone, is insufficient; and that the jury must be instructed accordingly.

Respectfully submitted,

BONNIE BLUMERT, OBA #31945
ASSISTANT FEDERAL PUBLIC DEFENDER
OFFICE OF THE FEDERAL DEFENDER
WESTERN DISTRICT OF OKLAHOMA
215 Dean A. McGee   Suite 109
Oklahoma City, Oklahoma 73102
Telephone: 405-609-5930
Fax: 405-609-5932
Electronic Mail: Bonnie_Blumert@fd.org
Counsel for Mr. Gimmey

## CERTIFICATE OF SERVICE

I hereby certify that on October 7, 2026, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic filing to Matthew Dillon, Assistant United States Attorney.

BONNIE BLUMERT